Matthias, J.
The defendant in error, J. R. Kunzie, brought action in the court of appeals of Morrow county wherein he sought a writ of mandamus requiring plaintiff in error E. D. Meckley, as auditor of Morrow county, to issue a warrant payable to him, as treasurer of the Chester Township Rural School District, for the funds claimed to be payable from the county treasurer to the board of education of such school district.
Separate answers were filed by the county auditor and by O. H. Dailey, who had been made a *495 party defendant by order of the court. From these pleadings it appears that J. R. Kunzie claims to be entitled to the funds in question as the treasurer-clerk of the Chester Township Rural School District, under and by virtue of being selected by the board of education of that district, which had been created and appointed by the county board of education in April, 1919, pursuant to authority vested in the county board of education by the provisions of Section 4736, General Code, and that O. H. Dailey makes claim to the same fund by reason of having been selected as treasurer-clerk by the board of education elected at the November election, 1919. The issue was made and the case was tried as though it were an action in quo warranto, upon the theory apparently that it should be determined in such action whether Kunzie or Dailey was the custodian of such fund as the treasurer of the board of education of said rural school district and the decision of that question required a determination as to which of said boards of education was the lawful board of education of said rural school district.
The Chester Township Rural School District was created in April, 1919, by the county board of education of Morrow county, and pursuant to the authority vested in the county board by the provisions of Section 4736, General Code, it appointed a board of education of the newly-created district, and such board of education selected the defendant in error as its treasurer-clerk. At this point, in an action brought in the common pleas court for such purpose, an injunction was *496 issued, restraining the county board of education from proceeding to carry out its purpose to constitute and continue said Chester Township Rural School District. That injunction was dissolved by the court of appeals in December, 1919.
It is clear that at the time of the election in November, 1919, the proceeding to create the Chester Township Rural School District from territory which theretofore composed the Chester Village School District and the Chester Township School District was restrained by perpetual injunction theretofore issued by the common pleas court. That court had found the action of the county board to be invalid, and as long as that judgment and decree remained unmodified there was no legally created Chester Township Rural School District in which to hold an election and for which a board of education could exercise any power or authority whatever. It cannot be contended that if such case had proceeded no further there would be any right or authority to do anything looking toward a continuance of the organization of the district which the county board had attempted to create. The attempt, therefore, to elect a board of education of such district not then having a legal existence was a nullity. There can be no proper sanction of an absolute disregard of an existing judgment and order of a court. So long as that decree was effective the conditions as to the new district were held in statu quo, and to all intents and purposes there was no new district. That was the situation at the time of the election, and there could be no valid election in a district, which, under the terms *497 of the decree of the court then in force, had no valid existence. Upon the dissolution of the injunction by the court of appeals the proceeding relative to the creation and maintenance of the Chester Township Rural School District was reinstated and authorized to continue, and the members of the board of education of such district, so appointed, would necessarily continue in office until the election of their successors, pursuant to the provisions of Section 4736, General Code (108 O. L., pt. 1, 707). The defendant in error, admittedly the duly selected and qualified treasurer-clerk of said board, was, therefore, entitled, as such officer, to receive the fund in question. The court of appeals so found. There was no error in the proceeding and the judgment of that court is affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Johnson, Hough, Wanamaker and Robinson, JJ., concur.